The Full Commission has reviewed the prior Opinion and Award based on the record of the proceedings before Deputy Commissioner Young and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence or to amend the prior Opinion and Award except for the average weekly wage. The Full Commission therefore affirms the Opinion and Award of the Deputy Commissioner with minor modification to the average weekly wage.
 **********
Prior to the hearing, the parties entered into a Pre-Trial Agreement, which is incorporated by reference. Following the hearing, the record was held open in order to allow the parties to depose medical experts. Upon the receipt of the deposition of Jesse Manlapaz, M.D. and written contentions from counsel for both parties, the record was closed. All objections contained in the deposition of Dr. Manlapaz are ruled upon in accordance with the law and the Opinion and Award in this matter.
 **********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties at the hearing as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employment relationship existed between plaintiff-employee and defendant-employer at all relevant times herein.
3. PCA Solutions, Inc. is the carrier on the risk.
4. The plaintiff-employee's average weekly wage shall be calculated by the Industrial Commission from the Form 22 Wage Chart furnished by the employer. (Calculation by the Full Commission yielded an average weekly wage of $259.49, which yields a compensation rate of $173.00 per week. The Deputy Commissioner's calculation yielded a slightly higher result.)
5. The plaintiff-employee sustained an injury and began missing time from work due to this injury on or about March 16, 1994.
6. The plaintiff-employee's injury arose out of and in the course of his employment.
7. The defendant-employer paid temporary total disability to plaintiff-employee from March 17, 1994 until June 6, 1994.
8. The parties have stipulated to the plaintiff's medical records from Drs. Stanley Jackson, Daniel Hersch, Jessie Manlapaz and from Complete Rehabilitation and Sports Therapy Center, and Kings Mountain Hospital.
 **********
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
 FINDINGS OF FACT
1. At the time of the hearing, the plaintiff was a 48 year old manual laborer with an 8th grade education.
2. While at work on March 16, 1994, the plaintiff sustained an admittedly compensable back injury when he stepped backwards and fell into a hole.
3. The plaintiff initially presented to Kings Mountain Hospital emergency room and was referred to Dr. Stanley Jackson, an orthopedic surgeon.
4. The plaintiff presented to Dr. Jackson on March 18, 1994, who diagnosed the plaintiff with a muscle strain in his back, and a sprained right thumb and wrist. On April 11, 1994, Dr. Jackson released the plaintiff to light duty, restricting him from lifting more than fifteen pounds.
5. The plaintiff participated in physical therapy and a work hardening program and on June 1, 1994, Dr. Jackson released the plaintiff to return to full duty without restrictions.
6. The plaintiff returned to work on June 7, 1994, but the pain in his right lower back continued and the plaintiff had difficulty performing his duties.
7. Defendant-employer terminated plaintiff in June of 1994.
8. In July of 1994, the plaintiff moved to Connecticut to open a home improvement business.
9. Throughout the end of 1994 and into 1995, the plaintiff's back pain worsened. The plaintiff sought medical help for his back pain but no doctor would see him without insurance or money to pay the doctor's fee. He contacted the defendant-employer's insurance company seeking approval for medical attention for his back, but the approval was denied.
10. On September 1, 1995, the plaintiff presented to Dr. Daniel Hersh, a chiropractor of the Chiropractic Health Center of Torrington, Connecticut, after the plaintiff's attorney secured approval from the defendant-employer for the appointment. Dr. Hersh opined, and the Full Commission finds as a fact, that the plaintiff could not work and that his back pain was related to and caused by his compensable back injury of March 16, 1994. Dr. Hersh diagnosed the plaintiff with acute traumatic thoracic sprain with nerve root compression and chronic cervical sprain/strain with paravertebral muscle spasm.
11. Dr. Hersh referred the plaintiff to Dr. Jesse Manlapaz, a neurologist. The plaintiff presented to Dr. Manlapaz on or about November 1, 1995. Dr. Manlapaz performed a myelogram on plaintiff on December 12, 1996 and diagnosed the plaintiff with severe osteoarthritis on the dorsal spine. Dr. Manlapaz further determined that the plaintiff could not work. The Full Commission finds as a fact that the plaintiff has severe osteoarthritis of the dorsal spine which severely limits the plaintiff's ability to work.
12. Dr. Manlapaz opined, and the Full Commission finds as a fact, that the plaintiff had a pre-existing condition of osteoarthritis that was aggravated by his fall on March 16, 1994. Dr. Manlapaz further opined, and the Full Commission finds as a fact, that the plaintiff's fall was an aggravating and causative factor in the plaintiff's current condition and that the plaintiff would be restricted to a sedentary job with no repetitive bending or lifting.
13. Dr. Manlapaz rated the plaintiff with a 10% permanent partial impairment rating to the plaintiff's back and recommended that the plaintiff receive additional treatment from a rheumatologist.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. The plaintiff sustained an admittedly compensable injury arising out of and in the course of his employment and as a direct result of a specific traumatic incident of the work assigned on March 16, 1994. N.C. Gen. Stat. § 97-2(6).
2. As a result of the plaintiff's admittedly compensable injury, the plaintiff is entitled to temporary total disability at a compensation rate of $173.00 per week beginning September 2, 1995 and continuing until the plaintiff returns to work or until further order of the Commission. N.C. Gen. Stat. § 97-29.
3. The plaintiff is entitled to have the defendants pay for all medical expenses incurred or to be incurred including examinations, evaluations and treatments rendered by Drs. Hersh and Manlapaz as a result of his admittedly compensable injury of March 16, 1994, for so long as such examinations, evaluations and treatments may reasonably be requested to effect a cure, or give relief and will tend to lessen plaintiff's disability. N.C. Gen. Stat.. § 97-25; § 97-2(19).
 **********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Subject to a reasonable attorney's fee herein approved, the defendants shall pay the plaintiff compensation at a rate of $173.00 per week for temporary total disability for his back injury of March 16, 1994 until the plaintiff returns to work or until further order of the Commission. Compensation due which has accrued shall be paid to the plaintiff in a lump sum subject to attorney's fees hereinafter provided.
2. Defendants shall pay medical expenses including examinations, evaluations and treatments by Drs. Hersh and Manlapaz incurred or to be incurred as a result of the admittedly compensable injury by accident of March 16, 1994, for the treatment of his condition for so long as such examinations, evaluations and treatments may reasonably be required to effect a cure, or give relief, and will tend to lessen plaintiff's disability.
3. A reasonable attorney's fee of twenty-five percent of the compensation due plaintiff under Paragraph 1 of this Award is approved for plaintiff's counsel. Thereafter, every fourth compensation check shall be deducted from the sum due plaintiff and paid directly to his counsel. Consideration and designation of this attorney's fee contemplates that the counsel for the plaintiff shall continue and is hereby ORDERED to monitor the submission of medical expenses to defendant-employer.
4. As the plaintiff has not yet reached maximum medical improvement from his treatment for his back, the Opinion and Award does not address this issue. However, in the event the parties should be unable to agree on the amount of compensation for permanent partial disability to the plaintiff's back, which may be due, either party may request a hearing from the Commission to resolve this issue.
5. Defendants shall pay the costs, including an expert witness fee of $75.00 to Dr. Jesse Manlapaz.
This 23rd day of March 1998.
 S/ ____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _____________________ RENÉE C. RIGGSBEE COMMISSIONER
S/ ______________ DIANNE C. SELLERS COMMISSIONER